# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

CARLA NORRIS                                                                                          PLAINTIFF

v.                                                4:22-cv-00202-BSM-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                        DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Brian S. Miller. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Carla Norris, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

On February 4, 2019, Plaintiff applied for disability benefits based on fibromyalgia, carpal tunnel and degenerative disc disease. (Tr. 85.) She alleges disability beginning on October 20, 2018. (*Id.*) Ms. Norris, a high school graduate, was 40 years old at the time of the most recent administrative hearing, (Tr. 56), and has past relevant work as a hand packager, general house worker, and nursery school attendant. (Tr. 22.)

The ALJ[1] found Ms. Norris had not engaged in substantial gainful activity since October 20, 2018 - the alleged onset date. (Tr. 14.) She has "severe" impairments in the form of degenerative disk disease, carpal tunnel syndrome on the right, fibromyalgia, obesity and anxiety. (*Id.*) The ALJ further found Ms. Norris did not have an impairment or combination of

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 14-15.) The ALJ determined Ms. Norris had the residual functional capacity (RFC) to perform a reduced range of sedentary work given her mental and physical impairments. (Tr. 15.) Based on this RFC assessment, the ALJ determined Ms. Norris could no longer perform her past relevant work. (Tr. 22.) Therefore, the ALJ moved to Step Five, utilized the services of a vocational expert, and determined jobs existed in significant numbers that Plaintiff could perform despite her impairments. Based in part on the testimony of the vocational expert, (Tr. 65-67), the ALJ determined she could perform the jobs of call out operator and surveillance system monitor. (Tr. 23.) Accordingly, the ALJ determined Ms. Norris was not disabled. (Tr. 24.)

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ incorrectly determined she could perform the jobs of call out operator and surveillance system monitor. (Doc. No. 9 at 10-21.) Specifically, she argues the required Reasoning Level of these jobs exceeds her RFC as determined by the ALJ. (*Id*. at 11-18.)

As Plaintiff notes, the ALJ determined she was limited to "work where the complexity of tasks can be learned by demonstration or repetition within 30 days, with few variables and require[s] little judgment [and where] supervision required is simply, direct, and concrete." (Tr. 15.) The ALJ posed a hypothetical question to the vocational expert with nearly identical limitations. (Tr. 65-66.) Given these confines, the vocational expert identified the jobs of call

---

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

3

out operator and surveillance system monitor. (Tr. 66.)

Plaintiff takes issue with the fact that these jobs identify a Reasoning Level of 3 - exceeding the ALJ's RFC. According to the Dictionary of Occupational Titles, jobs with a Reasoning Level 3 require a person to "Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and] [d]eal with problems involving several concrete variables in or from standardized situations." Dictionary Of Occupational Titles, Appendix C: Components of the Definition Trailer. Reasoning Level 3 requires slightly more of a person as opposed to Reasoning Level 2 which requires a person to "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and] [d]eal with problems involving a few concrete variables in or from standardized situations." *Id.*

I have carefully considered Plaintiff's argument and find it to be without merit. Based on the vocational expert's testimony, the ALJ could rightly conclude Plaintiff could perform these jobs. The difference between Reasoning Levels 2 and 3 is only slight. Additionally, it is simply illogical to conclude that a high school graduate with Plaintiff's RFC would be unable to perform the jobs of surveillance monitor or call out operator as described by the Dictionary of Occupational Titles. Accordingly, I find no conflict here.

Plaintiff also argues that the ALJ failed to give adequate weight to the opinions of her treating physician, Evelyn Cathcart, M.D. (Doc. No. 9 at 21-44.) The Appeals Council previously administratively remanded this matter for the ALJ to further evaluate the opinions of Dr. Cathcart. (Tr. 11.)

Claims filed after March 27, 2017, like Ms. Norris's, are analyzed under 20 C.F.R. § 404.1520c. *Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020). Under the current regulatory scheme, the Commissioner "will not defer or give any specific weight, including

controlling weight, to any medical opinion(s)," including those from the claimant's treating physicians. 20 C.F.R. § 404.1520c(a). The regulation instructs the ALJ to determine the persuasiveness of each medical source or prior administrative medical findings based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor that tends to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(a), (c). The ALJ is required to "explain" his decision as to the two most important factors—supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented" and the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with evidence from other medical and non-medical sources, the more persuasive the opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1)-(2).

After a close review of the medical evidence, I find that ALJ properly evaluated the opinion of Plaintiff's doctor. The ALJ addressed both supportability and consistency factors. (Tr. 21-22.) Further, Dr. Cathcart's most recent and most limiting assessment (Tr. 1134-1135) consisted of conclusory statements rather than findings tied to clinical or diagnostic data, as it did not reference her own treatment notes or other medical evaluations. *See Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (describing opinions as "little evidentiary value" that consist of "nothing more than vague, conclusory statements—checked boxes, circled answers, and brief fill-in-the-blank responses"). Thus, the form did not cite any medical evidence nor provide any elaboration on how Dr. Cathcart reached her conclusions. *See id.*

The ALJ also explained how this opinion was inconsistent with other medical evidence in the treatment record. Importantly, the ALJ considered Dr. Cathcart's opinions as they compared to findings from Plaintiff's diagnostic tests, examinations, improvement with treatment, and only

5

being prescribed conservative treatment. (Tr. 646, 761, 773, 803, 830-32, 1088, 1095, 1138, 1180, 1444, 1456, 1463, 1509, 1546.) Accordingly, the ALJ rightly discounted Dr. Cathcart's opinions.

So, in accordance with 20 C.F.R. § 404.1520c, the ALJ fully considered all of the medical opinions and prior administrative medical findings and evaluated and explained their persuasiveness under the pertinent factors. (Tr. 16-22.) The ALJ properly addressed those limitations supported by the medical evidence in Plaintiff's RFC. Accordingly, I find the ALJ's decision is supported by substantial evidence.

Plaintiff's counsel has vigorously advocated for Ms. Norris's rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*. Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

While unquestionably Ms. Norris suffers from some degree of pain and limitation, the ALJ accounted for this limitation with his conclusion this fairly young high school graduate was limited to a reduced range of sedentary work. Her limitations do not preclude all work activity.

I have also considered Plaintiff's remaining arguments - including the ALJ failed to apply the correct standard of proof and the Social Security Administration's regulations and policies are unconstitutional - and find them to be wholly without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ

because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 12th of December 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE